# Final Agency Determination: FAD-193
## (Highlighted by Counsel)

see <https://legacy.rma.usda.gov/regs/533/2013/fad-193.html>

---

**Subject:** Two requests dated July 23, 2013, and August 29, 2013, to the Risk Management Agency (RMA) requesting a Final Agency Determination. The first request is for the 2011 and 2012 crop years. The second request is for the 2010 and subsequent crop years. Both requests are regarding the interpretation of section 20(i) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. § 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background:**

Section 20 of the Basic Provisions states, in relevant part:

20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.

(a) If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. Any mediator or arbitrator with a familial, financial or other business relationship to you or us, or our agent or loss adjuster, is disqualified from hearing the dispute.

\*\*\*\*\*

(b) Regardless of whether mediation is elected:

(1) The initiation of arbitration proceedings must occur within one year of the date we denied your claim or rendered the determination with which you disagree, whichever is later;

(2) If you fail to initiate arbitration in accordance with section 20(b)(1) and complete the process, you will not be able to resolve the dispute through judicial review;

(3) If arbitration has been initiated in accordance with section 20(b)(1) and completed, and judicial review is sought, suit must be filed not later than one year after the date the arbitration decision was rendered; and

(4) In any suit, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is

applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, an interpretation must be obtained from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC. Such interpretation will be binding.

(c) Any decision rendered in arbitration is binding on you and us unless judicial review is sought in accordance with section 20(b)(3). Notwithstanding any provision in the rules of the AAA, you and we have the right to judicial review of any decision rendered in arbitration.

*****

(i) In a judicial review only, you may recover attorneys fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled. Requests for such a determination should be addressed to the following: USDA/RMA/Deputy Administrator of Compliance/ Stop 0806, 1400 Independence Avenue, SW., Washington, D.C. 20250-0806.

The first requestor states that identical or nearly identical language is set forth in the Rainfall Index (RI) Plan Common Policy. Accordingly, they request this Final Agency Determination explicitly be made applicable to the RI policy as well.

**Interpretation Submitted**

Two interpretations were submitted in this joint FAD request.

First requestor's interpretation:

The first requestor states section 20(i) by reference to judicial review requires satisfaction of the arbitration provision contained in section 20. This is further supported by section 20(c) and its reference to section 20(b)(3).

The first requestor's interpretation of section 20(i) is that the insured may recover attorney fees or other expenses, or any other damages from the approved insurance provider (AIP) only if the insured first obtains a determination from FCIC that:

1. The AIP's agent or loss adjuster failed to comply with the terms of the subject policy or procedures issued by FCIC; and,

2. Such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured is entitled.

The insured first submits a request for such a determination described above in Nos. 1 and 2 by forwarding such request to the address in the last sentence of section 20(i).

Judicial review referenced in section 20(i) follows the FCIC's (USDA/RMA Deputy Administrator of Compliance) issuing its determination that the AIP's agent or loss adjuster failed to comply with the terms of the subject policy or procedures issued by FCIC and, that such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured is entitled.

Obviously there would be no basis for a judicial review without first receiving such a determination from FCIC for the reason that such determination described in section 20(i) is the responsibility of the FCIC pursuant to the terms of the policy at section 20(i) and not the responsibility of a court of competent jurisdiction.

The burden is on the insured to present to the USDA/RMA Deputy Administrator of Compliance its basis for requesting a determination under section 20(i), such as an Arbitrator's reasoned opinion containing findings of fact and conclusions of law that relate to the factors listed in Nos. 1 & 2 above.

Judicial Review is not first initiated and then the insured requests such a determination from the FCIC.

Section 20(i) states that the insured is entitled to a judicial review "only if you (the insured) obtain a determination from FCIC". The inference is that the FCIC rendered determination must be obtained prior to the insured filing a petition in a court of competent jurisdiction. Procedurally this is the only way that section 20(i) can be interpreted because courts of law do not render advisory opinions.

Otherwise section 20(i) would read …"only if you obtain a determination from a court of competent jurisdiction…"

"In a judicial review only", the beginning language of section 20(i), simply confers jurisdiction to a court of competent jurisdiction to recover such extra-contractual related damages incurred by the insured but only if and subsequent to when FCIC issues such a determination as set in section 20(i).

<u>Second requestor's interpretation:</u>

The second requestor states section 20(i) of the Basic Provisions authorized the award of attorney's fees, expenses and punitive damages in judicial action. However, to recoup fees, expenses and punitive damages, the Basic Provisions compels a policyholder first to obtain a determination from the Deputy Administrator for Compliance that the company, "[its] agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled." If the policyholder does not obtain such a determination from the Deputy Administrator, the policyholder has not complied with the requirements of section 20(i) and may not recover attorney's fees or punitive damages in judicial action.

In addition, the second requestor states compliance findings issued by an RMA regional compliance office or a final administrative decision issued by the Deputy Administrator do not satisfy section 20(i)'s requirement that the policyholder obtain a determination from FCIC by writing the Deputy Administrator. Hence, in asserting claim against an insurance company, a policyholder may not rely on a compliance finding issued by a regional compliance office or a decision issued by the Deputy Administrator.

Finally, to the extent that a state statute provides for the awarding of attorney's fees, expenses or punitive damages without obtaining the aforementioned determination from the Deputy Administrator, FCIC regulation and the Basic Provisions preempt the inconsistent state statute. See 7 C.F.R. §§ 400.351 et seq.; 7 C.F.R. § 457.8 sec. 31.

**Final Agency Determination**

FCIC agrees with the first requestor's interpretation that the insured must complete the arbitration process before resolution of a dispute through judicial review. Section 20 of the Basic Provisions provides that when an insured and the AIP fail to agree on an AIP determination, the disagreement may be resolved through mediation, arbitration, or judicial review. If resolution of the dispute is not reached through mediation, or both the insured and the AIP do not agree to mediation, the disagreement must be resolved through arbitration in accordance with section 20(a) of the Basic Provisions. An AIP or insured must then complete the arbitration process before seeking resolution of the dispute through judicial review. An AIP or insured that elects to seek judicial review of a decision rendered in arbitration must file suit within one year of the date the arbitration decision was rendered in accordance with section 20(b)(3) of the Basic Provisions.

FCIC disagrees with the first requestor's interpretation that under section 20(i) of the Basic Provisions the FCIC determination that the agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in an insured receiving a payment in an amount that is less than the amount to which they were entitled must be obtained prior to the insured filing a petition in a court of competent jurisdiction. The reference to "judicial review only" is to clarify that such damages can only be sought during an appeal to the courts, after an FCIC determination has been obtained, and cannot be awarded in arbitration. To obtain a determination that will enable the insured to recoup attorney's fees, expenses, or damages from the AIP, the insured must send a request for a determination to the RMA Deputy Administrator of Compliance after the insured has filed an appeal for judicial review. The procedural timing of when the insured must request the determination when they are seeking judicial review depends upon when the insured requests attorney's fees and the rules of the court for such requests.

FCIC agrees with the second requestor's interpretation that in order to recoup attorney's fees, expenses, or damages from the AIP, section 20(i) of the Basic Provisions requires the insured to obtain a determination from the RMA Deputy Administrator of Compliance that the AIP, the AIP's agent, or the AIP's loss adjuster failed to comply with the terms of the insured's policy or

the procedures issued by FCIC; and that failure of the AIP, the AIP's agent, or the AIP's loss adjuster resulted in the insured receiving less than the amount to which they were entitled. FCIC further agrees that compliance findings issued by an RMA regional compliance office or a final administrative decision issued by the Deputy Administrator of Compliance does not satisfy the requirement that the insured obtain a determination from the RMA Deputy Administrator of Compliance. By its very terms, compliance findings involve compliance with terms and conditions of the Standard Reinsurance Agreement and insureds are not a party to the contract. Insureds must separately request a determination to the RMA Deputy Administrator of Compliance in accordance with section 20(i) of the Basic Provisions.

Even though 7 C.F.R. part 400, subpart X is only applicable to provisions of the Federal Crop Insurance Act and the regulations promulgated thereunder, and the Rainfall Index Plan Common Policy has not yet been codified in the Code of Federal Regulations, to the extent those provisions are identical or nearly identical, this Final Agency Determination applies accordingly to assure consistent, uniform, and equitable treatment to all producers insured under the same policy provisions.

In accordance with 7 C.F.R. § 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

***Date of Issue:*** October 21, 2013

Final Agency Determination: FAD-193                                                                 5
Case 2:21-cv-00002    Document 59-2    Filed 01/18/24    Page 5 of 5 PageID #: 560