# Final Agency Determination: FAD-195
## (Highlighted by Counsel)
see https://legacy.rma.usda.gov/regs/533/2013/fad-195.html

---

**Subject**: Request dated August 27, 2013, requesting a Final Agency Determination for the 2012 crop year regarding the interpretation of section 20 of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background**:

Section 20 of the Basic Provisions states, in relevant part:

20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.

(a) If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. Any mediator or arbitrator with a familial, financial or other business relationship to you or us, or our agent or loss adjuster, is disqualified from hearing the dispute.

(1) All disputes involving determinations made by us, except those specified in section 20(d) or (e), are subject to mediation or arbitration. However, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC.

(i) Any interpretation by FCIC will be binding in any mediation or arbitration.

(ii) Failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award.

(iii) An interpretation by FCIC of a policy provision is considered a determination that is a matter of general applicability.

(iv) An interpretation by FCIC of a procedure may be appealed to the National Appeals Division in accordance with 7 CFR part 11.

(2) Unless the dispute is resolved through mediation, the arbitrator must provide to you and us a written statement describing the issues in dispute, the factual findings, the determinations and the amount and basis for any award and breakdown by claim for any award. The statement must also include any amounts awarded for interest. Failure of the arbitrator to provide such written statement will result in the nullification of all determinations of the arbitrator. All agreements reached through settlement, including those resulting from mediation, must be in writing and contain at a minimum a statement of the issues in dispute and the amount of the settlement.

(b) Regardless of whether mediation is elected:

(1) The initiation of arbitration proceedings must occur within one year of the date we denied your claim or rendered the determination with which you disagree, whichever is later;

(2) If you fail to initiate arbitration in accordance with section 20(b)(1) and complete the process, you will not be able to resolve the dispute through judicial review;

(3) If arbitration has been initiated in accordance with section 20(b)(1) and completed, and judicial review is sought, suit must be filed not later than one year after the date the arbitration decision was rendered; and

(4) In any suit, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, an interpretation must be obtained from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC. Such interpretation will be binding.

*****

(e) Except as provided in sections 18(n) or (o), or 20(d) or (k), if you disagree with any other determination made by FCIC or any claim where FCIC is directly involved in the claims process or directs us in the resolution of the claim, you may obtain an administrative review in accordance with 7 CFR part 400, subpart J (administrative review) or appeal in accordance with 7 CFR part 11 (appeal).

*****

(j) If FCIC elects to participate in the adjustment of your claim, or modifies, revises or corrects your claim, prior to payment, you may not bring an arbitration, mediation or litigation action against us. You must request administrative review or appeal in accordance with section 20(e).

*****

**Interpretation Submitted**

The requestor states where FCIC has elected to participate in the adjustment of a claim, and the policyholder has initiated an administrative appeal with the National Appeals Division (NAD) in accordance with section 20(e) of the Basic Provisions, the requestor believes the NAD Director, the Director's Designees, and NAD Hearing Officers are authorized to interpret and apply provisions of the insurance policy. A dispute between FCIC and the policyholder concerning the proper interpretation of policy provisions does not trigger the need for a FCIC Final Agency Determination (FAD) pursuant to CFR part 400, subpart X. Although section 20(a)(l) of the Basic Provisions requires FADs in certain situations, this subsection, by its express terms, applies only where there is a dispute between the policyholder and the Approved Insurance Provider (AIP). The requestor believes this limitation is clear from both the first sentence of section 20(a), and the first sentence of section 20(a)(1). In both cases, the express terms of the policy limit the FAD requirements to disputes over "determinations made by *us*." *Id*. (emphasis added). By definition, "us" refers to the AIP. *See* Policy Preamble ("Throughout this policy, 'you' and 'your' refer to the named insured shown on the accepted application and 'we,' 'us,' and 'our' refer to the insurance company providing insurance."). Moreover, section 20(b)(4)'s reference to the FAD requirements in connection with suits *following arbitration* further clarifies that the FAD requirement only applies to disputes between AIPs and the policyholder. *Compare* section 20(j) of the Basic Provisions (requiring appeal through NAD when FCIC elects to participate).

The requestor believes this distinction makes sense, because the FAD requirements were implemented in response to perceived problems with arbitration, which does not apply to disputes between FCIC and the policyholder. *See* FCIC Response to Comments at 69 FR 48652-01 at 48718 ("[E]ven the commenters admit that arbitrators have made policy interpretations.") In 2002, FCIC initially proposed eliminating arbitration. *Id*. at 48653. The requestor states, however, FCIC ultimately settled upon the FAD system as an alternative. *Id*. In contrast, there is no indication that FCIC intended to limit NAD's ability to interpret and apply policy provisions (with appropriate deference to FCIC interpretations of course). The requestor states, indeed, in summarizing its conclusions on the arbitration issue, FCIC expressly indicates its intent was to have FADs "be binding *unless appealed to the National Appeals Division*" *Id*. at 48654 (emphasis added).

In sum, the requestor believes both the express language of the policy and the FCIC's own statements during the notice and comment rulemaking process indicate that the FAD requirements do not prevent the NAD Director, the Director's Designees, and NAD Hearing Officers from interpreting and applying provisions of the insurance policy in connection with their appellate functions.

**Final Agency Determination**

FCIC disagrees with the requestor. Under section 506(r) of the Federal Crop Insurance Act, FCIC has established procedures to provide policy interpretations and ensure that such interpretations are binding in the program. The process assures consistent interpretation of the same policy provisions that may not otherwise occur in arbitration, litigation, and NAD appeals. This FAD process provides consistency in the program and ensures that all policyholders are treated alike. The requestor is suggesting that this process should not apply when FCIC elects to intervene in a claim. In these cases, FCIC oversees the AIP loss determinations before payment, and assures they concur with the determinations under the policy. Further, the interpretation of the policy must be the same for disputes between the AIP and the policyholder and FCIC and the policyholder. Otherwise this will lead to disparate treatment under the policy. Persons within RMA who have direct responsibility for writing the policy provisions have been delegated the authority to provide official interpretations of policy provisions and procedures. When any question of policy interpretation arises, these persons are the only persons authorized to provide an interpretation.

In accordance with 7 C.F.R. § 400.76 (c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

*Date of Issue*: October 28, 2013