# Final Agency Determination: FAD-231
## (Highlighted by Counsel)

*see https://www.rma.usda.gov/Policy-and-Procedure/Final-Agency-Determinations/Basic-Provisions-20a-FAD-231*

---

**Subject**: Two requests dated February 3, 2015, and February 20, 2015, to the Risk Management Agency (RMA) requesting a Final Agency Determination for the 2012 crop year regarding the interpretation of section 20(a)(1) of the Common Crop Insurance Basic Provisions (Basic Provisions), published at 7 C.F.R. § 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background**:

The preamble of the Basic Provisions states, in relevant part:

We will use the procedures (handbooks, manuals, memoranda and bulletins), as issued by FCIC and published on RMA's Web site at www.rma.usda.gov or a successor Web site, in the administration of this policy, including the adjustment of any loss or claim submitted hereunder. In the event that we cannot pay your loss because we are insolvent or are otherwise unable to perform our duties under our reinsurance agreement with FCIC, your claim will be settled in accordance with the provisions of this policy and FCIC will be responsible for any amounts owed. No state guarantee fund will be liable for your loss.

\*\*\*\*\*

Section 1 of the Basic Provisions states, in relevant part:

1. Definitions

\*\*\*\*\*

Prevented planting - Failure to plant the insured crop by the final planting date designated in the Special Provisions for the insured crop in the county, or within any applicable late planting period, due to an insured cause of loss that is general to the surrounding area and that prevents other producers from planting acreage with similar characteristics. Failure to plant because of uninsured causes such as lack of proper equipment or labor to plant acreage, or use of a particular production method, is not considered prevented planting.

\*\*\*\*\*

Section 17(a)(3) of the Basic Provisions states, in relevant part:

17. Prevented Planting

(a) Unless limited by the policy provisions, a prevented planting payment may be made to you for eligible acreage if:

\*\*\*\*\*

(3) You did not plant the insured crop during or after the late planting period. Acreage planted to the insured crop during or after the late planting period is covered under the late planting provisions.

\*\*\*\*\*

Section 20(a)(1) of the Basic Provisions states, in relevant part:

20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.

(a) If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. Any mediator or arbitrator with a familial, financial or other business relationship to you or us, or our agent or loss adjuster, is disqualified from hearing the dispute.

(1) All disputes involving determinations made by us, except those specified in section 20(d) or (e), are subject to mediation or arbitration. However, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC.

(i) Any interpretation by FCIC will be binding in any mediation or arbitration.

(ii) Failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award.

(iii) An interpretation by FCIC of a policy provision is considered a determination that is a matter of general applicability.

(2) Unless the dispute is resolved through mediation, the arbitrator must provide to you and us a written statement describing the issues in dispute, the factual findings, the determinations and the amount and basis for any award and breakdown by claim for any award. The statement must also include any amounts awarded for interest. Failure of the arbitrator to provide such written statement will result in the nullification of all determinations of the arbitrator. All agreements reached through settlement, including those resulting from mediation, must be in writing and contain at a minimum a statement of the issues in dispute and the amount of the settlement.

******

(b) Regardless of whether mediation is elected:

*****

(3) If arbitration has been initiated in accordance with section 20(b)(1) and completed, and judicial review is sought, suit must be filed not later than one year after the date the arbitration decision was rendered; and

*****

(c) Any decision rendered in arbitration is binding on you and us unless judicial review is sought in accordance with section 20(b)(3). Notwithstanding any provision in the rules of the AAA, you and we have the right to judicial review of any decision rendered in arbitration.

*****

(f) In any mediation, arbitration, appeal, administrative review, reconsideration or judicial process, the terms of this policy, the Act, and the regulations published at 7 CFR chapter IV, including the provisions of 7 CFR part 400, subpart P, are binding. Conflicts between this policy and any state or local laws will be resolved in accordance

Case 2:21-cv-00002    Document 59-4    Filed 01/18/24    Page 2 of 6 PageID #: 565

with section 31. If there are conflicts between any rules of the AAA and the provisions of your policy, the provisions of your policy will control.

\*\*\*\*\*

7 C.F.R. § 400.765 states, in relevant part:

(a) The regulations contained in this subpart prescribe the rules and criteria for obtaining a final agency determination of the interpretation of any provision of the Act or the regulations promulgated thereunder.

(b) Requesters may seek interpretations of those provisions of the Act and the regulations promulgated thereunder that are in effect for the crop year in which the request under this subpart is being made and the three previous crop years.

(c) All final agency determinations issued by FCIC, and published in accordance with Sec. 400.768(f), will be binding on all participants in the Federal crop insurance program.

\*\*\*\*\*

7 C.F.R. § 400.768 states, in relevant part:

(a) FCIC will not interpret any specific factual situation or case, such as actions of any participant under the terms of a policy or any reinsurance agreement.

\*\*\*\*\*

FAD-167

FCIC issued the original FAD-167 on September 14, 2012. Lines 6-7 of Paragraph 2 under heading Final Agency Determination:

"As stated above, the insured acreage must be planted if it is possible for the producer to plant *on or prior to the late planting period…*"

FCIC issued a revised FAD-167 on February 13, 2014 to correct a technical issue. Lines 6-7 of Paragraph 2 under heading Final Agency Determination:

"As stated above, the insured acreage must be planted if it is possible for the producer to plant *on or prior to the final planting date…*"

**Interpretation Submitted**

Two interpretations were submitted in this FAD request.

First requestor's interpretation:

The first requestor states FADs in affect at the time of the arbitration hearing are binding on the parties and arbitrator.

The first requestor contends that in connection with making any factual determinations as to the specific items required an arbitrator is required to review and rely on any applicable FADs which are in affect at the time of the arbitration proceeding. 7 C.F.R. §400.765 expressly provides that "all final agency determinations issued by FCIC, and published in accordance with section 400.768(f) will be binding on all participants in the Federal crop insurance program." See also section 20(f) of the Basic Provisions which makes these regulations binding in the arbitration process. The requestor interprets these provisions to not only allow, but to require an arbitrator to rely on applicable FADs which are in effect at the time of the arbitration hearing in rendering any arbitration award. FAD-167 published on RMA's website on September 14, 2012, expressly provides that it "is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect". The requestor

interprets this provision to mean that FAD-167 would be applicable and binding in an arbitration proceeding conducted in 2013 on a 2012 policy as it related to prevented planting claims and to the extent that it addressed the issues in dispute.

The first requestor states an FCIC interpretation is not required when FCIC has previously issued a FAD on the same issue.

The first requestor states as set forth above, 7 C.F.R. §400.765(c) expressly provides that all FADs issued by FCIC will be binding on all participants in the Federal crop insurance program. Specifically, in connection with issues regarding prevented planting claims, FCIC has issued numerous FADs over the years dealing with a wide range of interpretations of the various terms and requirements for a prevented planting claim under the express provisions of the policy. For example, FCIC has issued FAD-012 and FAD-167, which expressly deal with issues and terms related to policy interpretation in connection with prevented planting claims on issues, including, but not limited to the following:

1. The cause of loss;

2. Definitions of "area";

3. Requirements and limitations on what other policyholders in the area are doing or not doing;

4. Comparison of acreages with similar characteristics, including geography, topography, soil types, weather conditions, and exposure; and

5. The responsibility of a policyholder to plant during the planting period or any late planting period, if applicable.

While section 20(a)(l) of the Basic Provisions requires the parties to an arbitration proceeding to obtain an FCIC interpretation if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision. The requestor interprets the above provisions to mean that if a policy or procedure interpretation issue has previously been addressed in a FAD, that a new request for interpretation in connection with an arbitration proceeding is not required. The requestor believes there would be no need or requirement for a new interpretation where the issue has previously been interpreted by FCIC in a binding FAD. Otherwise, it could be argued that an interpretation would be required in virtually every arbitration proceeding, which is clearly not the intent of the requirement. Further, the requestor believes the provision allowing nullification of an arbitration award for failure to obtain an FCIC interpretation is not applicable where FCIC has previously issued a FAD on the issue in dispute. The requestor believes that this issue has been squarely addressed by the court in Davis v. Producers Agriculture Insurance Company, 762F. 3d 1276 (11th Cir. 2014), where the court determined that where a FAD has previously been issued by FCIC on the policy interpretation in dispute, the arbitrator would not have exceeded his or her authority by failing to obtain an additional interpretation.

Second requestor's interpretation:

The second requestor states FADs are binding on the parties and arbitrator unless RMA later discovers the FAD relied upon by the parties and arbitrator was wrong.

The second requestor believes that FADs in effect at the time of the arbitration are binding on the parties and arbitrator. However, where the FAD was incorrectly worded or in conflict with a statute, regulation, policy provision or procedure, the statute, regulation, policy provision or procedure takes precedence. Furthermore, the second

---

requestor believes that any award which relies on a FAD that conflicts with a statute, regulation, policy provision or procedures creates a dispute over an interpretation of a policy provision or procedure and the award must be nullified under 7 C.F.R. §457.8(20)(a)( 1)(ii).

The second requestor also believes an arbitration award must be nullified in the event the FAD relied upon by the arbitrator is subsequently found to be an incorrect interpretation of the policy provision or procedure and is corrected or revised to properly interpret the policy provision or procedure. The second requestor believes to hold or find otherwise, would serve as an injustice to the party affected by the improper and incorrect FAD. The second requestor believes the only way to correct any injustice caused by an improper or incorrect FAD would be to nullify any award upon which the improper FAD was relied.

The first requestor specifically referenced FAD-167 as being applicable in 2012 and 2013. However, the first requestor purposefully failed to recognize FAD-167 was subsequently revised due to a technical/grammatical error which substantially changed the time limits governing prevented planting claims. As stated above, the second requestor believes the arbitrator's award must be nullified where the arbitrator relied upon an improper or incorrect FAD which directly conflicted with the applicable statutes, regulations, policy provisions and procedures. Given the dispute regarding the proper interpretation of the original FAD-167 versus the revised FAD-167 and the award must be nullified.

The second requestor states an FCIC interpretation is required where FCIC has not previously interpreted the issue in dispute or where FCIC has revised a prior FAD.

The second requestor believes an FCIC interpretation is necessary for disputes regarding interpretation of the policy provisions and procedure and the application of the policy provisions and procedures which have not previously been interpreted. While the second requestor admits FCIC has issued a FAD on prevented planting claims for definitions of "area" and "similar characteristics", the second requestor believes FCIC has not issued an interpretation on all issues which may or may not define "area" or "similar characteristics" or how those definitions are to be applied. Therefore, an interpretation is necessary where the FCIC has not issued an interpretation on a definition of "area" or "similar characteristics" or how the definition is to be applied.

Furthermore, an interpretation as to an application of an FAD is necessary when the original FAD was subsequently revised because the original conflicted with the applicable statutes, regulations, policy provisions and procedures is not binding on the parties and arbitrators.

While FCIC may have issued a FAD which was relied upon in determining an arbitration award, the FAD cannot be binding if it was subsequently found to be an incorrect interpretation of the applicable policy provision or procedure. Furthermore, the second requestor believes that any award which relied upon a subsequently revised FAD must be nullified to allow for a correct and revised interpretation and application of the FAD. The second requestor believes that any award based on an inaccurate FAD is an injustice and not based on the contractual relationship between the parties.

The second requestor does not believe an interpretation will be necessary in every arbitration. However, the second requestor believes an interpretation is necessary where an interpretation is in dispute and the interpretation has not been addressed by FCIC previously, and when the original interpretation was wrong and subsequently revised.

**Final Agency Determination**

FCIC agrees with both requestors that FADs in effect at the time of the arbitration hearing are binding on the parties and the arbitrator. FCIC also agrees with the first requestor that ==FADs in effect include all determinations in which the policy language has not changed or the meaning has not changed.== As supported by FAD-208, published on RMA's website on March 6, 2014, which states, "[t]o the extent the language in the provisions interpreted is identical to the language applicable for any other crop year; the same interpretation can be applied to such other crop year. It is the responsibility of the person seeking to use the published interpretation for a different crop year to ensure that the language of the provisions is identical. Even minor language changes can have an effect on the interpretation."

This means the exact or similar language is still binding and generally applicable and an FCIC interpretation is not required when FCIC has previously issued a FAD on the same issue. If a previous and applicable FAD is still effective for a particular issue that is the subject of an arbitration proceeding, another FAD on the same or similar issue is not necessary. However, to the extent that a FAD is subsequently revised, it supersedes the prior FAD and it becomes binding on all the participants. Therefore, if a FAD was previously issued, there is no need to seek an additional FAD but this is not the same when a FAD has been revised. A revised FAD is to be used and is binding on all participants. This is not the same issue as in Davis v. Producers Agriculture Insurance Company, which involved seeking another FAD on the same provision for which a previous FAD was published. This FAD answers the question of what is the legal effect of a subsequently revised FAD.

Additionally, FCIC agrees with the second requestor that if an interpretation of a statutory provision, policy provision or procedure is in dispute and has not been addressed by a previous FAD, a separate request for an independent FAD must be made in accordance with 7 C.F.R. § 400.765.

FCIC disagrees with the first requestors interpretation that if a FAD has been published that an arbitration award cannot be nullified under any circumstances. Again, if FCIC has previously issued FAD that was materially relied upon in the arbitration proceeding but the FAD was later revised, the arbitration award must be revisited to determine if the revision materially affected the award. If the arbitration award was materially affected by the application of a FAD that is subsequently revised, the arbitration award must be nullified and a new award must be issued by the arbitrator applying the revised FAD. Therefore, the award is not being nullified because no FAD was requested. The award can be nullified only if the award was materially affected by the specific revision made to the FAD. The party seeking nullification has a burden to show that the specific revisions to the FAD materially affected the award rendered by the arbitrator.

Under 7 CFR § 400.768, FCIC will not interpret any specific factual situation or case, such as the actions of the insured, AIP, agent, loss adjuster, arbitrator, mediator, judge, or magistrate under the procedures. Thus, this interpretation does not include any analysis of whether the policyholder, AIP, or arbitrator were in conformance with the statute, policy provisions, procedures or FAD's cited above.

In accordance with 7 C.F.R. § 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

**Date of Issue**: April 10, 2015

---

Case 2:21-cv-00002    Document 59-4    Filed 01/18/24    Page 6 of 6 PageID #: 569