# Final Agency Determination: FAD-240
## (Highlighted by Counsel)

*see [https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Requesting-a-Final-Agency-Determination-FAD-240](https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Requesting-a-Final-Agency-Determination-FAD-240)*

---

**Subject:** Request dated June 5, 2015, to the Risk Management Agency (RMA) requesting a Final Agency Determination (FAD) for the 2010 through 2014 crop years of 7 CFR § 400.176(b). This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background:**

Section 31 of the Common Crop Insurance Policy Basic Provisions (Basic Provisions) (7 C.F.R. § 457.8) provides:

If the provisions of this policy conflict with statutes of the State or locality in which this policy is issued, the policy provisions will prevail. State and local laws and regulations in conflict with federal statutes, this policy, and the applicable regulations do not apply to this policy.

Similarly, 7 C.F.R. § 400.352 provides, in pertinent part, as follows:

(a) No State or local governmental body or non-governmental body shall have the authority to promulgate rules or regulations, pass laws, or issue policies or decisions that directly or indirectly affect or govern agreements, contracts, or actions authorized by this part unless such authority is specifically authorized by this part or by the Corporation.

(b) The following is a non-inclusive list of examples of actions that State or local governmental entities or non-governmental entities are specifically prohibited from taking against the Corporation or any party that is acting pursuant to this part. Such entities may not:

\*\*\*

(4) Levy fines, judgments, punitive damages, compensatory damages, or judgments for attorney fees or other costs against companies, employees of companies including agents and loss adjustors, or Federal employees arising out of actions or inactions on the part of such individuals and entities authorized or required under the Federal Crop Insurance Act, the regulations, any contract or agreement authorized by the Federal Crop Insurance Act or by regulations, or procedures issued by the Corporation (Nothing herein precludes such damages being imposed against the company if a determination is obtained from FCIC that the company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled);

Section 20(a) of the Basic Provisions, codified at 7 C. F.R. § 457.8, provides, in pertinent part:

If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA)...

Section 20(h) of the Basic Provisions provides, in part, that an award in arbitration may not "exceed the amount of liability established or which should have been established under the policy, except for interest awarded in accordance with section 26."

Section 20(i) of the Basic Provisions provides:

In a judicial review only, you may recover attorney's fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled.

Similarly, 7 C.F.R. § 400.176(b) provides:

No policy of insurance reinsured by the Corporation and no claim, settlement, or adjustment action with respect to any such policy shall provide a basis for a claim of punitive or compensatory damages or an award of attorney fees or other costs against the Company issuing such policy, unless a determination is obtained from the Corporation that the Company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by the Corporation and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled.

**Interpretation Submitted**

The requester interprets the "claim... with respect to any such policy" language in 7 CFR § 400.176(b) to mean that any claim, including a claim for extra-contractual damages based on state law, for which the factual basis includes a Federal crop insurance policy or any act that an AIP undertook in relation to a policyholder's policy, including sales and providing advice to the applicant regarding coverage and the policy, is subject to the FCIC determination requirement contained in that regulation before any such damages may be awarded.

The requester interprets 7 CFR § 400.176(b) (and the equivalent language in section 20(i) of the Basic Provisions to the extent that it contains a similar requirement) to preempt any state law claims for extra-contractual damages

that FCIC has not approved, since any requests for such damages must include an FCIC determination.

Alternatively, the requester interprets 7 CFR § 400.176(b) to require the Plaintiff in a state court proceeding to obtain a determination from FCIC before any claim for compensatory damages or therein can be awarded, even when those extra-contractual damages claims are based upon state law tort claims. In other words, if a policyholder asserts a tort claim that relates in any way to a Federally-reinsured crop insurance policy, such as misrepresentation regarding policy requirements, the policyholder must obtain an FCIC determination before he may recover any extra-contractual damages.

The requester is aware that FAD-99 addressed a similar request, but recent case law from the Tennessee Court of Appeals (Plants, Inc. v. Fireman's Fund Ins. Co., 2012 Tenn. App. LEXIS 561 (Tenn. Ct. App. Aug. 13, 2012)), as well as another civil action between the same two parties, Plants, Inc. v. Fireman's Fund Ins. Co., 2012 Tenn. App. LEXIS 562 (Tenn. Ct. App. Aug. 13, 2012)) addressing similar issues have held that neither 7 C.F.R. § 400.176(b) nor Basic Provisions section 20(i) preempts state law claims for misrepresentation, finding that no FCIC determination is necessary for a Federal crop insurance program participant to seek extra-contractual damages for misrepresentation in state court. The requester believes that these court decisions are incorrect because they are counter to 7 CFR § 400.176 and the policy terms.

**Final Agency Determination**

FCIC agrees with the requestor. Any claim, including a claim for extra-contractual damages solely arising from a condition related to policies of insurance issued pursuant to the Federal Crop Insurance Act (Act), may only be awarded if a determination was obtained from FCIC in accordance with section 20(i) of the Basic Provisions and § 400.176(b).

FCIC also agrees that 7 CFR § 400.176(b), and the equivalent language in section 20(i) of the Basic Provisions preempts any state law claims that are in conflict. That means that to the extent that State law would allow a claim for extra-contractual damages, such State law is pre-empted and extra-contractual damages can only be awarded if FCIC makes a determination that the AIP, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by the Corporation and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled.

To the extent that State courts have awarded extra-contractual damages without first obtaining a determination from FCIC, such awards are not in accordance with the law.

In accordance with 7 C.F.R. § 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

**Date of Issue:** August 26, 2015