# Final Agency Determination: FAD-280
# (Highlighted by Counsel)

see [https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Basic-Provisions-20b-FAD-280](https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Basic-Provisions-20b-FAD-280)

---

**Subject:** Two requests dated June 28, 2018, and July 17, 2018, to the Risk Management Agency (RMA) requesting a Final Agency Determination for the 2015 crop year regarding the interpretation of section 20(b)(1) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. § 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background:**

Section 20 of the Basic Provisions states, in relevant part:

20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.

*****

(b) Regardless of whether mediation is elected:

*****

(1) The initiation of arbitration proceedings must occur within one year of the date we denied your claim or rendered the determination with which you disagree, whichever is later;

**Interpretations Submitted**

Two interpretations were submitted in this FAD request:

First requestor's interpretation:

The first requestor interprets section 20(b)(1) to permit equitable tolling, until the time of discovery of the claim, where the policyholder's claim has been improperly and erroneously adjusted without fault of the policyholder, the policyholder has relied on the loss adjuster's (false) representation that the claim was adjusted properly and correctly, and subsequently the policyholder discovers that the claim was improperly and incorrectly adjusted. The arbitration period would not be tolled as to every aspect of the policyholder's claim, but only as to the improper and incorrect adjustment, falsely represented by the adjuster as proper and correct.

Under these circumstances—improper and incorrect claims adjustment based on the loss adjuster's failure to comply with the LAM or LASH, the policyholder's reliance on the loss adjuster's false representation that the claim had been adjusted properly and correctly, and discovery by the

policyholder of the improper and incorrect claim adjustment more than one year after payment of the incorrect indemnity—compliance with the one-year limitations period is impossible unless the period is equitably tolled until the policyholder's discovery.

The first requestor is aware of the Merrill line of cases, which stand for the proposition that a policyholder may not rely on an agent's representations about the explicit terms of the insurance policy, when those representations directly contradict the explicit terms of the policy. This is so because the policyholder is charged with the knowledge of the policy provisions; therefore, equitable estoppel does not apply. The facts of this request are fundamentally different because the false representations of the claims adjuster were based upon claims adjusting procedures—the LAM and the LASH—which the policyholder is not deemed to know. Producers are not loss adjusters, and they are not held legally responsible for knowing the particulars of loss adjustment procedures. Thus, if a loss adjuster represents that, in his professional judgment, a policyholder's claim has been adjusted properly and accurately, the policyholder is entitled to rely on that representation. If the policyholder subsequently learns that the loss adjuster's representation was false, whether intentionally so or not, the policyholder is entitled to initiate arbitration, but only if that arbitration is initiated within one year of the policyholder's learning that the loss adjuster's representation was erroneous. Furthermore, the scope of that arbitration is limited to the claims adjustment. The one-year arbitration period is tolled for the period during which the falsity of the approved insurance provider's misrepresentation was concealed from, or was otherwise unknown to, the policyholder.

If section 20(b)(1) were to be interpreted otherwise, the policyholder, by no fault of his own, would be barred from his sole remedy, given that the approved insurance provider asserts that it is under no obligation to correct erroneously adjusted claims when an underpayment has resulted. If the arbitration period may not be tolled in situations like this, then policyholders would be strongly disincentivized from ever reviewing past claims, even when they have actual knowledge that policyholders have been defrauded. Even if such reviews were conducted, and an underpayment was identified, approved insurance providers would have every incentive not to notify the policyholder of that underpayment until over one year had passed since the incorrect payment. If the approved insurance provider waited to inform the policyholder, it would be certain that the policyholder would have no remedy to recover the proper amount of indemnity owed under the policy. The policyholder would be completely at the mercy of the approved insurance provider.

Second requestor's interpretation:

The second requestor seeks interpretation of the policy language setting the period of time within which a policyholder can initiate an arbitration action to challenge a determination made by an approved insurance provider. The plain language of the policy provides for a period of one year from the date of the payment or determination challenged to initiate arbitration proceedings.

The first requestor proposes an interpretation that equitable principals such as laches, waiver, or estoppel can be used to limit or modify the terms of the insurance policy such that the limitations provision does not apply if the policyholder can establish be a preponderance of evidence that it did not know an error was made in the adjustment process due to an act of misrepresentation of active concealment by a loss adjuster while adjusting a claim.

The second requestor contends that all information needed to verify the accuracy of the claim is available to a policyholder, such as the yield, the guarantee, and the number of acres, such that the policyholder can verify the amount of indemnity owed by the approved insurance provider, either independently or by consulting the policyholder's agent, at the time the payment is made and the policyholder must act to protect his or her interests and to verify the amount of the claim at the time the payment or determination is made. Further, the one-year limitations period is meaningless if the policyholder can defeat its application by alleging misrepresentation or other equitable claims to formulate a basis to toll the limitations period.

The second requestor further contends the RMA has already determined in FAD-211 that:

The policy is codified in the Code of Federal Regulations and has the force of law. Therefore, no one has the authority to waive or modify the provisions except as authorized in the regulations themselves. In accordance with section 506(l) of the Federal Crop Insurance Act (Act) (7 U.S.C. §1506(l)) state and local laws are preempted to the extent that they are in conflict with the Act, regulations or contracts of FCIC. A vast majority of the policy provisions, including the preamble to the policy, are codified in regulation so they preempt state and local laws.

FAD-211 prevents modification of the terms of the policy by equitable principals. Its precedential relevance should be acknowledged in this instance and the first requestor's interpretation should be rejected.

The second requestor also notes that the policyholder may not be without remedy under the proposed interpretation because case law acknowledges that state law-based claims may exist against the approved insurance provider outside of the insurance contract. While the limitations provision found in the Basic Provisions may require dismissal of the contractual indemnity claims brought in an arbitration proceeding, state law claims may proceed in the judicial system if there is sufficient factual basis to support the claims as required by the individual states.

Based upon the language of the policy, the second requestor proposes the following interpretation:

The one-year limitations provision prevents a policyholder from bringing a claim based upon the policy more than one year after the claim payment or the determination which is being challenged. The policyholder cannot defeat the application of the limitations provision by pleading equitable claims or

defenses to its application because the policy terms cannot be waived or modified through the application of equitable principals. The policy provision itself provides no exception to its application and none can be created by equitable principals. This interpretation does not prevent the pursuit of state law-based claims in courts; however, an arbitration proceeding for contractual damages brought more than one year after final claim payment or the determination challenged must be dismissed by the arbitrator as untimely.

**Final Agency Determination**

The Federal Crop Insurance Corporation (FCIC) agrees with the second requestor that the one-year limitations provision prevents a policyholder from bringing an arbitration action or seek judicial review under the terms of the policy more than one year after the claim payment or the determination which is being challenged. The determination of the amount of indemnity due is a determination for the purposes of section 20(a) of the Basic Provisions. This means that the policyholder is required to file for arbitration to resolve any disputes regarding the indemnity payment prior to seeking judicial review. Under section 20(b) of the Basic Provisions, the policyholder must file for arbitration within the one-year time period for appeal. If the one-year term has expired, the producer is precluded from seeking arbitration or judicial review of any contract claims.

FCIC agrees in part with the second requestor's interpretation regarding the availability of non-contractual claims under state law. As previously provided in FAD-240, any claim for extra-contractual damages relating to a policy authorized under the Federal Crop Insurance Act (Act) may only be awarded if a determination is obtained from FCIC in accordance with section 20(i) of the Basic Provisions and 7 C.F.R. § 400.176(b). The provisions contained in 7 C.F.R. § 400.176(b), and the equivalent language in section 20(i) of the Basic Provisions, preempts any state law claims that are in conflict. That means that to the extent that State law would allow a claim for extra-contractual damages, such State law is pre-empted and extra-contractual damages can only be awarded if FCIC makes a determination that the AIP, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by the Corporation and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled. Therefore, this means that state law claims may be possible but recovery of extra-contractual damages is limited and the determination from FCIC must first be obtained.

In accordance with 7 C.F.R. § 400.765 (c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

**Date of Issue:** September 18, 2018