# Final Agency Determination: FAD-282
## (Highlighted by Counsel)

*see [https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Basic-Provisions-20h-FAD-282](https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Basic-Provisions-20h-FAD-282)*

---

**Subject:** Request dated September 13, 2018, to the Risk Management Agency (RMA) requesting a Final Agency Determination for the 2017 crop year regarding the interpretation of section 20(h) and (i) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. § 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background:**

Section 20 of the Basic Provisions states, in relevant part:

20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.

(a) If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. Any mediator or arbitrator with a familial, financial or other business relationship to you or us, or our agent or loss adjuster, is disqualified from hearing the dispute.

(1) All disputes involving determinations made by us, except those specified in section 20(d) or (e), are subject to mediation or arbitration. However, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC.

(i) Any interpretation by FCIC will be binding in any mediation or arbitration.
(ii) Failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award.
(iii) An interpretation by FCIC of a policy provision is considered a determination that is a matter of general applicability.
(iv) An interpretation by FCIC of a procedure may be appealed to the National Appeals Division in accordance with 7 CFR part 11.

(2) Unless the dispute is resolved through mediation, the arbitrator must provide to you and us a written statement describing the issues in dispute, the factual findings, the determinations and the amount and basis for any

award and breakdown by claim for any award. The statement must also include any amounts awarded for interest. Failure of the arbitrator to provide such written statement will result in the nullification of all determinations of the arbitrator. All agreements reached through settlement, including those resulting from mediation, must be in writing and contain at a minimum a statement of the issues in dispute and the amount of the settlement.

*****

(f) In any mediation, arbitration, appeal, administrative review, reconsideration or judicial process, the terms of this policy, the Act, and the regulations published at 7 CFR chapter IV, including the provisions of 7 CFR part 400, subpart P, are binding. Conflicts between this policy and any state or local laws will be resolved in accordance with section 31. If there are conflicts between any rules of the AAA and the provisions of your policy, the provisions of your policy will control.
*****

(h) Except as provided in section 20(i), no award or settlement in mediation, arbitration, appeal, administrative review or reconsideration process or judicial review can exceed the amount of liability established or which should have been established under the policy, except for interest awarded in accordance with section 26.
*****

(i) In a judicial review only, you may recover attorneys fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled. Requests for such a determination should be addressed to the following: USDA/RMA/Deputy Administrator of Compliance/ Stop 0806, 1400 Independence Avenue, SW., Washington, D.C. 20250-0806.
*****

**Interpretation Submitted**

The first requestor states in Final Agency Determination FAD-211, FCIC agreed with a requestor that:

. . . the term 'equitable estoppel' refers to a common law rule that if one person has induced another to take a certain course of action in reliance upon the representations or promises of the former, the former person will not be permitted to subsequently deny the truth of the representations, or revoke such promises, upon which such action has been taken. . . .

The first requestor views sections 20(h) and 20(i) of the Basic Provisions as requiring construction together as a whole rather than independently prohibiting an arbitrator from making determinations as to misrepresentations of fact made by agents of the approved insurance provider. Sections 20(h) and (i) are mandated by the Basic Provisions. Construing sections 20(h) and (i) independently would appear to prohibit an arbitrator in an arbitration proceeding from considering misrepresentations of an agent of an insurer

insuring under the Federal Crop Insurance Act so as to form the basis for an award of consequential damages.

The first requestor interprets section 20(h) to prevent a policyholder from seeking an award of monetary damages based upon misrepresentations of fact made by an agent for an approved insurance provider issuing crop insurance under the Federal Crop Insurance Act (Act) under the theory of equitable estoppel.

To interpret section 20(h) independent of and basically ignoring section 20(i), places a policyholder and an approved insurance provider in a position to require duplication of litigating claims under a policy requiring the policyholder to seek judicial review under section 20(i) so that compensatory or other damages may be obtained. The first requestor believes that FCIC should permit an arbitrator to make determinations as to misrepresentations or promises made by an agent of an approved insurance provider, and permit all issues to be addressed by an arbitrator so as to avoid the requirement of a policyholder to commence an action in the United States District Court in which the crop loss was suffered to litigate claims of misrepresentation by an agent utilizing equitable estoppel. This is especially necessary given the fact that the FCIC policy mandates arbitration with the American Arbitration Association (AAA).

Therefore, the first requestor's interpretation is that sections 20(h) and 20(i) be effectively read together in permitting the arbitrator to consider an equitable claim such as negligent misrepresentation or strict responsibility for misrepresentation and to invoke equitable estoppel.

The first requestor interprets sections 20(h) and 20(i), when if read together rather than independently to permit an arbitrator to make decisions based upon equitable estoppel or misrepresentation of fact inducing a policyholder to a course of action that results in financial loss to the policyholder and requests an interpretation of sections 20(h) and 20(i) so as to be read mutually together permitting an arbitrator to permit recovery and award compensatory or other damages to a claimant/insured. This would alleviate the requirement of a policyholder to seek judicial review in a Federal District Court.

The first requestor believes permitting an arbitrator to consider the provisions of sections 20(h) and 20(i) concurrently, will avoid the necessity of both the policyholder and the approved insurance provider issuing policies under the Act from having to commence an action in the Federal Court to litigate claims such as has been required in Pelzer v. Armtech Ins. Servs., 928 F. Supp. 2d 1071 (E.D. Ark. 2013) in which the United States District Court for the Eastern District of Arkansas determined that a farmer's misrepresentation claim was not pre-empted by federal law and similarly in Bucholz v. Rural Community Ins. Co., 402 F.Sup. 2d 988 (W.W.W.D. Wis. 2005) in which the District Court for the Western District of Wisconsin determined that the insured's state law claims were not pre-empted by federal law and fact issues remained as to whether reformation of the crop insurance policy was warranted but that reformation was not precluded by federal law.

The second requestor disagrees with the first requestor's proposed interpretation, which is inconsistent with the policy terms, and with 7 C.F.R. §400.176 and §400.352. It is also inconsistent with numerous prior Final Agency Determinations issued under Subpart X, which have already settled the issue the first requestor's proposed interpretation addresses.

The Preamble to the Common Crop Insurance Policy Basic Provisions (7 C.F.R. § 457.8) expressly states that no one is permitted to waive or vary the terms of the policy, and FCIC has previously confirmed that an arbitrator lacks authority to grant relief on equitable or estoppel-based grounds. For example, in FAD-211, FCIC agreed without qualification that:

[I]f an arbitrator were to apply equitable estoppel to override or render inapplicable certain policy provisions that FCIC had not previously interpreted in a way that supported such a conclusion, his award would automatically be nullified by section 20(a)(1)(ii), since section 20(a)(1) of the Basic Provisions prohibits an arbitrator from deciding, "whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure." The non-waiver provision and the limitations on arbitral authority in section 20 of the Basic Provisions therefore prohibit an arbitrator from issuing an award based on a theory of equitable estoppel, because such an award would waive or otherwise interpret the policy terms, which is not within the authority of the arbitrator.

Similarly, in FAD-236, FCIC interpreted the Northern Potato Crop Provisions, and stated that an arbitrator is prohibited from using an equitable relief theory to override or otherwise render inapplicable policy provisions that would otherwise apply. In FAD-236, FCIC agreed with the requestor that the policy terms cannot be waived and also that any award based upon equitable relief is automatically nullified.

Section 20(a)(1)(i) of the Basic Provisions states that "Any interpretation by FCIC will be binding in any mediation or arbitration." FAD-211 and FAD-236 already prohibit an arbitrator from using any equitable relief theory when issuing an award. Therefore, FCIC has already addressed and rejected the proposed interpretations offered by the first requestor.

The second requestor interprets section 20(h) of the Basic Provisions to mean that an arbitrator has the authority only to award those amounts which are established to be due under the policy after an arbitrator applies his/her factual findings to a dispute, since the lone exception – section 20(i) – only applies during judicial review.

The second requestor interprets section 20(i) of the Basic Provisions as expressly removing from an arbitrator the authority to award "attorneys fees or other expenses, or any punitive, compensatory or any other damages," since section 20(i) expressly states that such damages are only available in "judicial review."

The second requestor interprets section 20 of the Basic Provisions (including sections 20(a)(1), (f), (h), and (i)) as providing an arbitrator with only the authority to award the amount due under the policy after applying all

necessary FAD interpretations of policy and procedure, whether pre-existing or requested during the current arbitration. The second requestor interprets section 20 of the Basic Provisions to mean that any arbitrator that has awarded "attorneys fees or other expenses, or any punitive, compensatory or any other damages" has exceeded his authority, and that such an award is automatically nullified.

Regarding the outdated case law that the first requestor references at the end of the suggested interpretation, the second requestor notes that those cases which found that Federal law does not preempt a misrepresentation claim or reformation of the policy are decisions which are counter to the existing FADs and current policy terms discussed herein. Those findings are not applicable to policies with the language currently found in section 20 of the Basic Provisions, which the parties do not have the authority to waive, and which preempts state law claims and forbids reformation of the policy as discussed herein.

**Final Agency Determination**

The interpretations provided by both the first and second requestor have been addressed in whole or in part by FADs-236, 211, 193, and 99. These FADs continue to be in effect and provide the following interpretations. In FADs-236 and 211, FCIC agreed with the first requestor's interpretation that FAD-211 precludes an arbitrator from using equitable estoppel as a grounds for an arbitration award on the grounds that no person have the authority to waive, modify or change any provision of the policy except as authorized by the policy. FCIC agreed that equitable estoppel would effectively render applicable policy provisions inapplicable in violation of the preclusion against modifications or waiver or policy provisions. RMA agreed that this same principle applies to all forms of equitable relief.

In FAD-211, FCIC agreed with the first requestor's interpretation that under section 20(f) the Federal Crop Insurance Act, crop insurance regulations and policy provisions are binding on any arbitration and supersede any conflicting state laws, including common law based theories of recovery such as equitable estoppel. FCIC agreed with the first requestor's interpretation that section 20(h) of the Basic Provisions limits any award in arbitration to liability established or which should have been established under the policy and any interest. FCIC agreed that if an arbitrator were to apply equitable estoppel to override or render inapplicable policy provisions, and award anything other than contractual damages up to the amount of liability, the award would automatically be nullified under section 20(a)(1)(ii) of the Basic Provisions.

In FAD-193, FCIC interpreted section 20(i) of the Basic Provisions to mean that attorney's fees, expenses and extra-contractual damages can only be sought during an appeal to the courts, after an FCIC determination is made, and cannot be awarded in arbitration. FCIC concluded that any request for a FCIC determination can only occur after filing of an appeal for judicial review.

In FAD-99, FCIC also interpreted section 20(i) of the Basic Provisions to specify that it is only in judicial review that producers can recover attorney's fees, expenses, or any punitive, compensatory or other damages.

Final Agency Determination: FAD-282                                                        5
Case 2:21-cv-00002    Document 59-8    Filed 01/18/24    Page 5 of 6 PageID #: 585

In summary, FCIC has given effect to both sections 20(h) and 20(i) of the Basic Provisions. Under their plain meaning, FCIC has interpreted section 20(h) to mean that arbitrators can only review contract claims, damages are limited to the liability under the policy, and arbitrators do not have the authority to consider equitable claims or award attorney's fees, expenses, or compensatory, punitive, or other extra-contractual damages. Claims arising from misrepresentations, negligence, etc. would be considered equitable and an arbitrator is not authorized to consider such claims. In accordance with its plain meaning, FCIC interpreted section 20(i) to authorize courts to consider equitable claims and award attorney's fees, expenses, or compensatory, punitive, or other extra-contractual damages only if a determination is first obtained from FCIC in accordance with 7 C.F.R. § 400.176. FCIC acknowledges that there may be a need for both arbitration and judicial review when there are both contract and equitable claims, but sections 20(h) and 20(i) of the Basic Provisions are clear, evident, and codified so they have the force of law. As stated in the preamble to the Basic Provisions, even FCIC does not have the authority to waive or modify these requirements and the prior interpretations referenced above remain in effect.

In addition, the first requestor is in error in claiming that FCIC mandates arbitration with the American Arbitration Association (AAA). FAD-007 expressly states that that arbitration is allowed before any alternative disputes resolution organization provided that the rules of the AAA are applied to the proceeding. In 2012, FCIC issued Manager's Bulletin MGR-12-003.1 for the purposes of establishing rules to provide an alternative process for filing a demand for arbitration solely for the purposes of allowing for arbitration with other than the AAA.

In accordance with 7 C.F.R. § 400.765(c), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.768(g).

**Date of Issue:** November 28, 2018