# Final Agency Determination: FAD-298

*see* [https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Preamble-14i-FAD-298](https://www.rma.usda.gov/en/Policy-and-Procedure/Final-Agency-Determinations/Preamble-14i-FAD-298)

**Subject:** This issuance replaces FAD-298 published on Risk Management Agency's (RMA) website on August 4, 2020. The revised issuance is needed to provide clarity regarding whether procedures established by the Federal Crop Insurance Corporation (FCIC) in the Loss Adjustment Manual and the Apple Loss Adjustment Standards Handbook (LASH) are part of the contract between the approved insurance provider (AIP) and the policyholder. The original request dated May 8, 2020, was sent to the RMA requesting a Final Agency Determination for the 2017 crop year regarding the interpretation of the preamble and section 14(i) of the Common Crop Insurance Policy Basic Provisions (Basic Provisions), published at 7 C.F.R. § 457.8. This request is pursuant to 7 C.F.R. § 400, subpart X.

**Background:**
The Basic Provisions states, in relevant part:

> **Preamble.**
>
> This insurance policy is reinsured by the Federal Crop Insurance Corporation (FCIC) under the provisions of the Federal Crop Insurance Act (Act) (7 U.S.C. 1501 et seq.). All provisions of the policy and rights and responsibilities of the parties are specifically subject to the Act. The provisions of the policy may not be waived or varied in any way by us, our insurance agent or any other contractor or employee of ours or any employee of USDA unless the policy specifically authorizes a waiver or modification by written agreement. We will use the procedures (handbooks, manuals, memoranda and bulletins), as issued by FCIC and published on RMA's Web site at http://www.rma.usda.gov/ or a successor Web site, in the administration of this policy, including the adjustment of any loss or claim submitted hereunder. In the event that we cannot pay your loss because we are insolvent or are otherwise unable to perform our duties under our reinsurance agreement with FCIC, your claim will be settled in accordance with the provisions of this policy and FCIC will be responsible for any amounts owed. No state guarantee fund will be liable for your loss.
>
> *****
>
> AGREEMENT TO INSURE:
>
>> In return for the payment of the premium, and subject to all of the provisions of this policy, we agree with you to provide the insurance as stated in this policy…
>
> *****
>
> **1. Definitions.**
>
> *****

*Contract*. (See "policy").

*Policy*. The agreement between you and us to insure an agricultural commodity and consisting of the accepted application, these Basic Provisions, the Crop Provisions, the Special Provisions, the Commodity Exchange Price Provisions, if applicable, other applicable endorsements or options, the actuarial documents for the insured agricultural commodity, the Catastrophic Risk Protection Endorsement, if applicable, and the applicable regulations published in 7 CFR chapter IV. Insurance for each agricultural commodity in each county will constitute a separate policy.

\*\*\*\*\*

**14. Duties in the Event of Damage, Loss, Abandonment, Destruction, or Alternative Use of Crop or Acreage.**

**Our Duties:**

\*\*\*\*\*

>(i) We recognize and apply the loss adjustment procedures established or approved by the Federal Crop Insurance Corporation.

>\*\*\*\*\*

The Standard Reinsurance Agreement (SRA) states, in relevant part:

>SECTION IV. GENERAL PROVISIONS
>
>\*\*\*\*\*
>
>(f) Insurance Operations
>
>>(1) General
>>
>>\*\*\*\*\*
>>
>>(B) The Company shall use contracts, standards, FCIC procedures, methods, and instructions as authorized by FCIC in the sale and service of eligible crop insurance contracts.
>>
>>\*\*\*\*\*

**Interpretation Submitted**

The Loss Adjustment Manual Standards Handbook (LAM) and the Apple Loss Adjustment Standards Handbook (Apple LASH) contain a compilation of loss adjustment procedures "issued by FCIC," and "published on RMA's website," which were "established and approved by the Federal Crop Insurance Corporation (FCIC)." Section 14 of the Common Crop Insurance Policy Basic Provisions (Basic Provisions) is entitled "Duties in the Event of Damage, Loss, Abandonment, Destruction, or Alternative Use of the Crop or Acreage," and lists the duties of AIPs under the subtitle "Our Duties." Included in the duties of AIPs is the following statement at 14(i) which states:

> "*We recognize and apply the loss adjustment procedures established or approved by the Federal Crop Insurance Corporation.*"

AIPs have a duty, as twice stated in the Basic Provisions to "use," and "recognize and apply" the loss adjustment procedures specified in the LAM and Apple LASH. The issues the requestor presented are: 1) Are the LAM and Apple LASH a part of the contract (Basic Provisions) between the policyholder and the AIP, and 2) Is an AIP failure to comply with the loss adjustment procedures specified in the LAM and Apple LASH a breach of contract, that is, a breach by the AIP of its duties as specified in the Basic Provisions.

The requestor interprets the above-referenced policy provisions to mean that the loss adjustment procedures established by the FCIC in the LAM and a Crop LASH are part of the contract between the AIP and the policyholder as established by the Basic Provisions. Therefore, if an AIP, or its employees, fail to comply with the loss adjustment procedures specified in either the LAM or a crop LASH, the AIP has breached the contract between the policyholder and the AIP.

**Final Agency Determination**

FCIC disagrees that procedures established by FCIC in the LAM and the Apple LASH are part of the contract between the AIP and the policyholder. The definitions of "contract" and "policy" contained in the Basic Provisions and referenced in the preamble are an agreement between the policyholder and the AIP. The LAM and Apple LASH are FCIC procedures. Although they do not appear in the Basic Provisions codified in the Code of Federal Regulations, AIPs must use the LAM and Apple LASH to administer policies. Specifically, AIPs are obligated to service crop insurance policies in accordance with the SRA, including the adjustment of claims arising thereunder, the terms of the Basic Provisions, Crop Provisions, and the procedural guidance promulgated by the FCIC.

In accordance with 7 C.F.R. § 400.768(i), when issuing a final agency determination or a FCIC interpretation, FCIC will not evaluate the policyholder, AIP, agent, or loss adjuster as it relates to their performance of following FCIC policy provisions or procedures. Interpretations will not include any analysis of whether the policyholder, AIP, agent, or loss adjuster was in compliance with the policy provision or procedure in question. As such, FCIC cannot determine whether there is a breach of the contract between the AIP and the policyholder when an AIP, or one of its employees, fail to comply with the loss adjustment procedures specified in the LAM or the Apple LASH.

In accordance with 7 C.F.R. § 400.766(b)(2), this Final Agency Determination is binding on all participants in the Federal crop insurance program for the crop years the policy provisions are in effect. Any appeal of this decision must be in accordance with 7 C.F.R. § 400.766(b)(5).

**Date of Issue:** April 4, 2022

This FAD was originally issued August 4, 2020, and was revised as stated above.