# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DANIEL GENE BOZE, et al.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **GREAT AMERICAN INSURANCE COMPANY,** <br><br> **Defendant.** | **Case No. 2:21-cv-00002** <br><br> **Hon. Waverly D. Crenshaw, Jr.** <br> Magistrate Judge Alistair Newbern |

## GREAT AMERICAN INSURANCE COMPANY'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

## I. STANDARD OF REVIEW

Plaintiffs are correct that the Complaint must be deemed true and construed in the light most favorable to them. (Doc. 63 at Pages 1-2). However, Plaintiffs embellished, misquoted, and mischaracterized the Arbitrator's Award in several instances in their Complaint.[1] The Court should look to the Award (Doc. 1-3), not just the Complaint, for the arbitrator's findings.

## II. THE PLAINTIFFS' CAUSES OF ACTION AND FEDERAL PREEMPTION

### A. Plaintiffs' Complaint Allegations Contradict the Underlying Arbitration Award.

Plaintiffs falsely assert in their Response (Doc. 63, pp. 3-4) that they "detailed in [their] Complaint" and that the Arbitrator "concluded" that the federal Loss Adjustment Manual "required [Great American] to at least reconvene the decision-making claims personnel to re-assess their initial assignment of 100 percent of the losses to uninsured causes after losing on three of the four grounds for that assessment." But nothing in the Award or the Complaint[2] says that, nor do either of the Award or Complaint identify or allege any procedure that required it.[3]

Regarding other area tobacco loss determinations, Plaintiffs correctly note that Great American reversed its loss determinations for two unrelated policyholders after RMA reversed a single-issue GFP determination regarding usage of muriate of potash. (See Doc. No. 63 at p. 4; see Doc. 1 at ¶24, quoting Award ¶¶ 26-29.). However, with the Boze claims, muriate of potash

---

[1] The Award is attached to the Complaint as Doc. 1-3. Award ¶¶ 50, 83, and 88 are misquoted and embellished in the Complaint (Doc. 1 at ¶24); Award ¶21 is also misquoted in the Complaint. Plaintiffs also incorrectly assert in their Response that they "successfully appealed GAIC's GFP determination" (Doc. 63, p. 2), ignoring that the Award itself confirms that RMA decided *against* Plaintiffs' appeal of the determinative issue later taken to arbitration. See the Award (Doc. 1-3) at p. 5, ¶¶ 19-23.

[2] Plaintiffs allege in Complaint ¶19 (Doc. 1) that Great American "did not reconvene its claims staff" to reconsider its loss assessment (which Great American denies), but they do not allege that any contract term, handbook, or other authority required it to do so.

[3] The National Appeals Division Director Review Determination denying Plaintiffs' request for a 20(i) determination is currently under review by this Court in Case No. 2:23-cv-00068 as Plaintiffs noted on Page 14 of their Response (Doc. 63, Page 14). Great American was not a party in the NAD Appeal with standing to appeal its outcome and is not a party to that District Court case. USDA, RMA, and FCIC have not yet answered in that case.

usage was but one of the several, original, independent GFP concerns (and ultimately a non-factor). RMA agreed with Great American "that the [Bozes] 'did ***not*** follow good farming practices because they failed to implement appropriate [post-emergence] weed control measures'" (Doc. 1, ¶17 on p. 5), and Great American could not accurately quantify the Bozes' weed control failures into production losses, so it could not determine a loss. (Doc. 1 at ¶24, quoting Award ¶49.) Plaintiffs suggest Great American should have re-determined Plaintiffs' claims after learning of a different insurer paying their relative Joe Darren Boze's tobacco claim on nearby ground. But even if that might matter, there is no allegation of Joe Darren Boze having similar GFP or weed control problems or similar circumstances, and the Bozes first provided his information years after the fact, *during the arbitration*. (Doc. 1 at ¶24; quoting Award ¶¶30-34).

### B. The Arbitrator's Findings Do Not Support the Plaintiffs' Claims.

The Award does not include any actual Arbitrator finding that Great American did not follow required procedures. MPCI BP ¶20(d)(1)(ii) states that an arbitrator resolves disagreements regarding production assigned to uninsured causes, but MPCI BP ¶20(a)(i) expressly excludes disputes over whether or how procedures apply from what an arbitrator is authorized to decide. (Doc. 1-2, Page 34.) The Bozes agreed to arbitrate disputes over assigned production and Great American does not have the authority to waive that requirement. (Preamble, Doc. 1-2, Page 2.). Plaintiffs do not allege any specific breach of their policies or procedure, and they received exactly what they were due under their policies.

### C. Plaintiffs' Claimed Available Remedies Do Not Apply to Plaintiffs' Claims.

In FAD-240 and again in FAD-251, FCIC[4] confirmed that the *Plants* court decisions[5]

---

[4] FCIC Final Agency Determinations bind all crop insurance program participants. See 7 CFR §400.765(c) (2018).
[5] See *Plants, Inc. v. Fireman's Fund Ins. Co.*, 2012 Tenn. App. LEXIS 561 (Tenn. Ct. App. Aug. 13, 2012); see also *Plants, Inc. v. Fireman's Fund Ins. Co.*, 2012 Tenn. App. LEXIS 562 (Tenn. Ct. App. Aug. 13, 2012).

upon which the Plaintiffs rely were incorrectly decided. FCIC says extra-contractual damages claims are specifically preempted by and subject to MPCI BP ¶20(i) and related regulations. See FAD-240 (Doc. 59-5, p. 3) and FAD-251 (Doc. 59-6, p. 3).

Even if the FCIC-identified flaws in the *Plants* cases and the other similar cases Plaintiffs cite (*Pelzer*; *Dixon*) were ignorable, those cases do not support Plaintiffs' claims because they all concerned actions unrelated to an actual policy or which preceded it, not suits under a policy or related to it or to claims handling. The *Plants* court found that "state court claims for negligence, misrepresentation, and fraud" based on actions "taken prior to the agreement being made or that occur outside the scope of the policy" were not preempted (Plants, Inc. sought damages from actions before a policy was in place which caused it to be under-insured). *Plants, Inc. v. Fireman's Fund Ins. Co.*, No. M2011-02063-COA-R3-CV, 2012 Tenn. App. LEXIS 562 at *33 (Ct. App. Aug. 13, 2012). *Pelzer* was decided under similar factual circumstances, with the policyholder arguing that the agent gave erroneous pre-application information. *Pelzer v. ARMtech Ins. Servs.*, 928 F. Supp. 2d 1071, 1073-1074 (E.D. Ark. 2013). And in *Dixon v. Producers Agric. Ins. Co.*, 198 F. Supp. 3d 832, 838, n. 9, 10, 11 (M.D. Tenn. 2016), this same Court considered crop insurance preemption and FADs-240 and 251.[6] The *Dixon* court agreed that "[i]n order to avoid preemption, Plaintiffs must show damages that are unrelated the insurance policy because federal law preempts state-law claims regarding issues that involve a policy or procedure interpretation." *Dixon* at 841. These cases allowed suits over pre-policy misrepresentations or negligence, but not those concerning a policy or claim or related matters. The Bozes complain of actions Great American took after coverage attached which were directly related to their policies. Thus, the cases they cite do not support their position.

---

[6] Plaintiffs' Response selectively misconstrues that decision, quoting its Fn. 9, in which the Court quoted its own earlier opinion in the case which preceded those FADs, rather than from the newer decision which followed them.

-4-

### D. The Causes of Action Pled in Plaintiffs' Complaint

#### 1. Count I – Judicial Review

Section 20(i) plainly preempts damages awards against an insurer unless FCIC chooses to lift the preemptive shield. Nothing within 20(i) creates a new state or federal tort claim.

#### 2. Count II – Breach of Contract

Plaintiffs have invented imaginary findings the Arbitrator did not actually make which they contend support their baseless Breach of Contract claim. They baldly assert in their Response that "Arbitrator Russell specifically found … GAIC did not apply the procedures outlined in the handbooks and manuals," and that he "concluded [Great American] failed to follow these clear and unequivocal mandates." (Doc. 63, p. 16). Yet Plaintiffs do not cite where to look in the Award for those findings, because they do not exist. (See Doc. 1-3.) The Award demonstrates contract processes and procedures being followed, and a disagreement which an Arbitrator resolved in accord with contract requirements, allowing final claim decisions to be reached and claims determined and paid in fulfillment of the contract. Where is the breach?

#### 3. Count III – Tennessee Common Law Bad Faith

The Bozes concede that Tennessee does not recognize a tort of bad faith independent of the contract between the parties. Plaintiffs invoke some creative references to the "bad faith genie" and Section 20(i) in their Response but cite no legal authority supporting such a claim.

#### 4. Count IV – Tennessee Statutory Bad Faith

Plaintiffs misconstrue what MPCI BP ¶14(f)(4) says as to when an indemnity is due and payable. Here, the indemnity payments first became due and payable under ¶14(f)(2) only after the GFP appeals and the contractually required disagreement resolution processes concluded (Doc. 1-2, p. 23). No one challenged the Award, so the claims were paid immediately. If Great

American had contested the Award, which MPCI BP ¶¶ 14(f)(2) and 20(c) expressly permit, then the pay-after-a-judgment condition might apply. But not here.

Also, Plaintiffs' allegations in Complaint ¶¶61-62 establish only that they made payment demands through counsel, not that indemnities were actually due and payable. Under the policy terms, until the Award issued, they were not due. After it, they were. And they were paid then, exactly when the policy required it. While factual allegations are accepted as true when considering a motion under Rule 12(b)(6), legal conclusions or unwarranted factual inferences are not accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### 5. Count V – Tennessee Common Law Tort Claims

As discussed above, FCIC agreed in FAD-240 that the *Plants* court got the policy wrong; and here, the Bozes' claims all relate to Great American's alleged actions (or non-actions) under the policy, so even under *Plants*, the Bozes claims are specifically preempted by the policy provisions, 7 CFR §400.352, and 7 CFR §400.176. Moreover, Plaintiffs are not claiming that negligence occurred outside the policy in a way which affected or reduced their expectation of coverage in the manner for which *Plants* or *Dixon* might suggest relief outside the contract could be available; rather, they concede they got exactly the coverage and indemnities they expected.

### III. CONCLUSION

It seems apparent that Plaintiffs' true complaint is with the federally imposed, non-waivable policy contract terms that they agreed to and the amount of time the policy's claim and disagreement-resolution processes can sometimes take before a claim is truly finalized and payment is due. Those are things that policymakers might be able to address, but it not something this Court can remedy. Great American hereby respectfully requests that the Court dismiss Plaintiffs' Complaint, as to all Counts asserted.

Respectfully submitted,

*s/ Thomas C. James, Jr.*
Thomas C. James, Jr., Esq.
(OH Bar No. 0073531)
(*admitted pro hac vice*):
**SANDERS & ASSOCIATES, LPA**
8040 Hosbrook Road, Suite 202
Cincinnati, OH 45236
Phone: (513) 229-8080
Fax: (513) 229-8081
TomJames@SandersLPA.com

*s/ Brigid M. Carpenter*
Brigid M. Carpenter (TN BPR #018134)
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37213
(615) 726-7341 (telephone)
(615) 744-7341 (facsimile)
bcarpenter@bakerdonelson.com

**Attorneys for Defendant Great American**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing through the Court's Electronic Case Filing System (CM/ECF), upon Plaintiffs' attorney, Wendell L. Hoskins II, Law Office of Wendell L. Hoskins II, 404 Ward Ave., P.O. Box 1115, Caruthersville, MO 63830 (Wendell@WendellHoskins.com), this 22nd day of February 2024.

*s/ Thomas C. James, Jr.*
Thomas C. James, Jr.